Our final case today is Mendoza v. Bondi. Mr. Budzinski, is that correct? Whenever you're ready. Good morning, your honors. Budzinski for Petitioner Santos. There are three issues today, standard of review, jurisdiction, and on the merits hardship. Beginning with the standard of review, the hardship question here is a mixed question of law and fact, that is, application of law to undisputed facts. The Supreme Court in Guerrero-Las Prias held that these are reviewable questions of law. Questions of law are generally reviewed de novo. Respondent citing the Supreme Court's opinion in Wilkinson argues it should be the more deferential substantial evidence standard. And as respondent points out in its supplemental authority letter, the Third Circuit agreed on Wilkinson. I, however, read the Supreme Court's opinion a little bit differently as pointing out the obvious, that review of mixed questions in this context is already inherently deferential because Section 1252A2 still prohibits review of agency fact-finding. In effect, applying the substantial evidence standard here would provide the agency with two layers of deference, one on the facts, no review of the facts, and then deference on the application as well. And we do not believe that's accurate. The mixed question here is, as the Supreme Court says, reviewable as a question of law and it should accordingly be reviewed de novo. Turning to jurisdiction, respondent contends that Santos's argument is merely factual and his petition for review should therefore be dismissed. This is not accurate. There's no dispute that family members suffer from their diagnosed mental health disorders or the other relevant factual circumstances. The only dispute is whether these circumstances put us in exceptional and extremely unusual hardship territory. Mr. Patzinski, there are points in your briefs where you do take issue with the accuracy of the immigration judge's factual findings, right? And so in those cases, given the standard of review issue here, should we just kind of assume the facts as the immigration judge found them and then apply the legal standard to that? Correct. We cannot review the facts, so that's correct, Your Honor. Okay. Turning to the merits, Santos must show exceptional and extremely unusual hardship. Here he has three U.S. citizen children as his qualifying relatives. An exceptional and extremely unusual means substantially different from or beyond that which would normally be expected. The board has recognized that a strong applicant might have a child with serious health issues or special needs in school. However, the hardship does not need to be unconscionable and not only applicants with serious medical conditions will qualify. Here again, we have three children. One has generalized anxiety disorder and separation anxiety disorder, and then we have two more also with separation anxiety disorder. The immigration judge noted that these were recent diagnoses and that they're not taking any medication. I don't view these as particularly relevant considerations. The timing of the diagnosis doesn't really change the fact that they have these disorders, and the medication is accurate. They're not taking any, but that's not the only treatment available for anxiety disorders, and they intended to pursue therapy. As the immigration judge put it, he stated this was the definition of anxiety that attends every family and removal proceedings. I view this as a bit of a straw man. It's not accurate if we assume every family in removal proceedings has diagnosable health disorders, and then on top of these disorders, we do have your more emotional hardship caused by separation from a father and financial hardship. Their mother alone is not going to be able to cover the financial expenses of their household, and then educational hardship. Their father was the role model in their educational pursuits, and they don't believe their mother is going to be able to do that on her own. As it stands, this is pretty bad, but that's not all. Their mother, who of course would be raising them alone upon Santos' removal, suffers from both traumatic stress disorder and neglect as a child. One would not normally expect the removal of one non-citizen to result in three children being raised by an undocumented, essentially single parent who's suffering from PTSD and neglect as a child when those three children also suffer their own anxiety disorders. Respondent contends that Cabrera and Arreola-Ochoa had equal or greater levels of hardship. In Cabrera, we had the son's speech therapy, spouse's anxiety, and the financial reliance on the applicant. Again, here we have the anxiety disorders of the children, and they're going to be raised by a mother with PTSD in addition to some of the other hardships we've discussed. And this doesn't sound equal to mean, and the same can be said of Arreola-Ochoa, where the applicant's partner had migraines and hearing problems, but the qualifying relative was in good health. Mr. Podsinski, let me just ask you, I mean, these are very difficult problems. In the first instance, on judicial review, if there's any degree of deference given to the weighing of facts, and it seems to me that there probably needs to be some degree of deference there. Can you point us to case law that would, in your view, compel a reversal? Let's say any reasonable immigration judge would actually have to grant relief here. What I would point to is Ondozola. It's an agency decision, and there's a dissenting opinion in there that called the case close. And there, there was a mother with a history of asthma, and no other health-related issues or hardships were there, and there were also some financial concerns. And this case here is much stronger. If that's a close case, this has to be exceptional and extremely unusual hardship. If there are no further questions, Your Honor, I would ask the Court to reverse order. Thank you. Mr. Markle. Whenever you're ready. May I please the Court? My name is Justin Markle, and I represent the Attorney General. The Court should dismiss this petition for review because petitioner's challenge to the agency's hardship determination is premised on a factual dispute. Although the petitioner now argues that he's just arguing that it's undisputed facts being way, the law being applied to undisputed facts, that's not what he argued in his opening brief. In particular, he argued that the agency erred in its hardship analysis by finding the emotional hardship its children will experience to be medical hardship, by finding that children were and not receiving medical intervention or anti-anxiety medication, and by failing to consider the condition of petitioner's wife, despite the immigration judge explicitly stating that her condition was a factor to be considered. As the INA prohibits review of factual findings underlying the agency's hardship determination, and petitioner's argument is premised on a dispute of facts, the Court should dismiss the petition for review. However, to the extent the Court concludes that petitioner's argument is not premised on disputed facts, but instead just a challenge to whether the agency erred when concluding that the undisputed facts do not show exceptional, extremely unusual hardship, then the Court should join the Third Circuit in finding that the appropriate standard of review is substantial evidence. Mr. Markell, is that inquiry completely binary? In other words, do we have to say that it seems like there are times when the petitioner does challenge some of the factual findings, and then there are other times when the petitioner seems to argue that whatever the immigration judge decided doesn't rise to the level or does rise to the level of hardship and that that particular application was incorrect? Can't we just say, kind of ignore the disputes with regard to the factual findings since we have to, we're kind of working with the facts as immigration judge saw it, and then consider the legal argument that petitioner's making as well, that the application was incorrect? Of course, I would believe that's a judgment call for you guys, but the thing to consider is whether or not he meaningfully challenges the agency's determination on the undisputed facts, and arguably he doesn't meaningfully challenge it because the primary thrust of his argument was based on these disputed facts. Regarding the standard of review, as the Supreme Court explained in Wilkinson, although the exceptional, extremely unusual hardship determination is a mixed question of law and fact, it's primarily factual in nature and thus deserves deference. Therefore, we know the standard of review is not de novo because de novo is not a differential standard at all. Rather, precedent indicates that the most appropriate standard is substantial evidence, and we know this by looking at other Supreme Court cases where the Supreme Court has looked at primarily factual mixed questions of law and fact, and used the clear error standard review that it applies to district court purely factual determinations. For example, in U.S. Bank, it applied the clear error review to the primarily factual mixed question of whether an individual constitutes a non-statutory insider for purposes of bankruptcy, and in Minoski, the court applied the same clear error standard to the habitual residence determinations under the Hague Convention for Civil Aspects of International Child Abduction. Consequently, of the various differential standards of review, the court should apply the same standard it applies to other immigration-related factual determinations, and that's substantial evidence. That standard of review is specifically laid out in the statute at 1252b4b, and under that standard, substantial evidence review agency findings are unless any reasonable adjudicator would be compelled to conclude to the contrary. Another reason why it appears substantial evidence determination would be the most appropriate is that there's tons of precedent regarding the standard review for persecution of determinations, which is also a highly factual mixed question of law and fact, where you're looking to see whether or not the harm rises to the legal definition of persecution, and all the courts review that for substantial evidence. So we would argue this is very similar to the exceptional extremely unusual hardship determination. Lastly, the agency here reasonably concluded that Petitioner failed to establish exceptional extremely unusual hardship to his qualifying relatives. The burden of proof for these types of hardship determinations is extremely demanding and requires the applicant to show hardship substantially beyond that which would normally be expected from the separation of an individual with close family ties here in the United States. Here, Petitioner has shown that he has a loving family that will be deeply distraught if he returns to Mexico, where he will likely not be able to provide the same level of financial support and emotional support. However, this type of hardship is not exceptional and extremely unusual. Rather, this level of hardship is common and is the type that often arises when a parent is separated and then returns to a country that has fewer economic opportunities. Moreover, Petitioner has not identified any record evidence that would compel the conclusion that he has shown exceptional extremely unusual hardship to any of his qualifying relatives. For these reasons, the court should or deny the petition for review. The court doesn't have any questions. We're happy to rest on the brief. Thank you. Thank you, Your Honor. Mr. Patzinski, anything else? No, Your Honor, unless there are any questions. Nope. I just would like to ask you, when I asked you about precedent, you cited an agency decision, and I didn't hear the name clearly. Andazola, A-N-D-A-Z-O-L-A. It's in at least the reply brief. I don't recall if it's in the opening. Thank you. Thank you. Thank you, counsel. We'll take the case under advisement. That is our last case of the day, and so we're adjourned.